```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

EQUAL EMPLOYMENT OPPORTUNITY        §
COMMISSION,                         §
                                    §
            Plaintiff,              §
                                    §
v.                                  §   CIVIL ACTION NO.
                                    §
Tom Peacock Nissan/Cadillac, Inc.,  §
                                    §
            Defendant.              §   JURY TRIAL DEMANDED
```

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Maudie Eads who was discharged by Defendant in January 2004.  As alleged with greater particularity below, Defendant terminated Ms. Eads because of her age.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"),

as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Tom Peacock Nissan/Cadillac, Inc., has continuously been doing business in the State of Texas and the City of Houston, and has continuously had at least 20 employees. Tom Peacock Nissan/Cadillac, Inc., is a Texas corporation and may be served with process by serving its registered agent, David Peacock, at 15300 I-45 North Freeway, Houston, TX 77090.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7. Since at least January 2003, Defendant has engaged in unlawful employment practices at its Houston, Texas, location in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). Defendant discriminated against Maudie Eads, a qualified individual who was 66-years-old at the time of her termination, because of her age.

8. Maudie Eads was born on July 27, 1937.

9. In 1998, the Defendant hired Maudie Eads to serve as its Receptionist. Subsequently, the Defendant expanded her job duties and responsibilities to those associated with the Sales Secretary/Receptionist job position.

10. On or about October 2002, the Defendant hired Darrell Daigle to serve, <u>inter alia</u>, as Ms. Eads supervisor.

11. On or about January 2003, Mr. Daigle hired a younger female to work for the Defendant. Subsequently, Mr. Daigle told Ms. Eads not to talk to the Defendant's customers physically

present at the Defendant's location.  Mr. Daigle stated that he preferred the younger female employee to greet and serve Defendant's customers who came into the Defendant's location.

12.  On at least one occasion between January and October 2003, Mr. Daigle became visibly angry and verbally abused Ms. Eads when he witnessed her talking to the Defendant's customers.

13.  On or about October 2003, Mr. Daigle referred to Ms. Eads in the presence of a witness and stated that Defendant's customers were not going to be greeted by "some old bag" when the Defendant opened its new showroom.  Mr. Daigle further expressed that it was important for the Defendant to project a "certain image" to its customers and that he believed that customers would appreciate being greeted by a younger female.  Mr. Daigle also confided to a subordinate that the presence of a younger female employee would give him something nice to look at during the day.

14.  On or about November 2003, the Defendant's President, David Peacock, was given actual notice that at least one of the Defendant's employees believed that Mr. Daigle was engaging in a pattern of abusive and discriminatory behavior targeting his older, female subordinates.  Despite receiving this allegation of unlawful activity, the Defendant did nothing to investigate the allegation or remedy the discrimination.

15.  On January 2, 2004, Mr. Daigle terminated Ms. Eads. Subsequently, the Defendant has employed a series of substantially

younger women, i.e., at least seventeen years or more younger than Ms. Eads, in both the Sales Secretary and Receptionist positions.

16. The effect of the practices complained of in paragraphs 7-15 above has been to deprive Maudie Eads of equal employment opportunities and otherwise adversely affect her status as employee because of her age.

17. The unlawful employment practices complained of in paragraphs 7-15 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Tom Peacock Nissan/Cadillac, Inc., its officers, successors, assigns and all persons in active concert or participation with it, from engaging in age discrimination in discharges, and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Tom Peacock Nissan/Cadillac, Inc., to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present

      unlawful employment practices.

C. Grant a judgment requiring Defendant Tom Peacock Nissan/Cadillac, Inc. to make whole Maudie Eads by providing appropriate back wages, in an amount to be determined at trial, and an equal sum as liquidated damages, or pre-judgment interest in lieu thereof, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, rightful-place instatement of Maudie Eads, or in the alternative, front pay.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity
    Commission
1801 L Street, N.W.
Washington, D.C. 20507


s/_____
Jim Sacher
Regional Attorney


s/_____
Rose Adewale-Mendes
Supervisory Trial Attorney


s/_____
Jason M. Mayo
Trial Attorney
Attorney-in-Charge
Cal. Bar No. 224937
S.D. Tex. No. 35849

Equal Employment Opportunity
    Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 fax
jason.mayo@eeoc.gov email