## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1378 |
| | § | |
| TOM PEACOCK NISSAN/CADILLAC, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

Pending before the Court in this age discrimination dispute brought by the Equal Employment Opportunity Commission ("EEOC") is a Motion to Intervene [Doc. # 7] ("Motion") filed by Maudie Eads ("Eads").  Defendant Tom Peacock Nissan/Cadillac, Inc. has not responded, although time to do so has expired.  Having considered the Motion and the applicable legal authorities, the Court concludes that the Motion should be **granted.**

### I.    BACKGROUND

The United States Equal Employment Opportunity Commission ("EEOC") filed this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 *et seq.* ("ADEA"), as amended, against Defendant complaining about Defendant's termination of Eads' employment based on her age.  Eads seeks to intervene in this suit on behalf of herself pursuant to Rule 24(a)((2) of the Federal Rules of Civil Procedure as a matter of right or, alternatively, pursuant to Rule 24(b)(2), on permissive intervention grounds.  Eads alleges

two independent claims against Defendant, claims which the EEOC did not bring on her behalf.  She alleges that Defendant subjected her to a hostile work environment in violation of the ADEA, and she claims that Defendant violated the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA"), when it discriminated against Eads based on her age, subjected her to a hostile work environment, and unlawfully discharged her.

The following matters are alleged in proposed Plaintiff-Intervenor Eads' proposed Intervenor Complaint.  Eads is 68 years of age.  She was employed by Defendant as a Sales Secretary and Receptionist from 1998 through her discharge in January 2004.  In October 2002, Darrel Daigle ("Daigle") was hired as the General Manager of the Defendant's car dealership, and became Eads' immediate supervisor.  Daigle planned the opening of a new Cadillac dealership showroom to replace the one where Eads previously worked.  Part of Daigle's plan was to promote a "certain image" to customers by hiring a younger and more attractive Receptionist.  He allegedly intended to prevent customers from being greeted by "some old bag," referring to Eads.

Soon after his appointment, Daigle hired a woman in her early thirties[1] who was to share Eads' responsibilities.  Eads claims that instead of splitting her workload evenly with the new receptionist, Daigle allocated responsibility for all office duties to Eads and delegated responsibility to the younger woman for face-to-face contact with customers.  Whenever Eads conversed with customers, Daigle became visibly upset. Daigle's demeanor

---

[1]        The name of this individual is not in the record.

towards Eads was allegedly different from that shown to the new hire.  Specifically, Eads

complains that Daigle was disrespectful, rude, and demeaning to her, and that he made her

work environment extremely difficult in an attempt to force her to resign.  She alleges that

Daigle also made insulting age-related comments toward other older female employees.

On January 2, 2004, Daigle discharged Eads.  After Eads' termination, Defendant

allegedly hired several substantially younger females to perform her duties.

## II.   <u>INTERVENTION OF RIGHT</u>

Eads seeks intervention as a matter of right under Rule 24(a)(2).[2]  A party is entitled

to an intervention of right when "(1) the motion to intervene is timely; (2) the potential

intervener asserts an interest that is related to the property or transaction that forms the basis

of the controversy in the case into which she seeks to intervene; (3) the disposition of that

case may impair or impede the potential intervener's ability to protect her interest; and (4)

the existing parties do not adequately represent the potential intervener's interest." *John Doe*

*No. 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001) (citing *Ford v. City of Huntsville*, 242

F.3d 235, 239 (5th Cir. 2001)); FED. R. CIV. P. 24(a)(2) (2000).  Each requirement must be

satisfied in order for an intervention of right to be successful.  *See Edwards v. City of*

*Houston,* 78 F.3d 983, 999 (5th Cir. 1996); *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir.

1994), *cert. denied,* 532 U.S. 1051 (2001).  "Nonetheless, 'the inquiry under subsection

(a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding

each application.'" *Edwards,* 78 F.3d at 999 (citing *Tex. E. Transmission Corp.,* 923 F.2d

---

[2]  Eads does not qualify for intervention of right under Rule 24(a)(1), which applies when a statute expressly provides an unconditional right to intervene.

at 413 (quoting *United States v. Allegheny-Ludlum Indus., Inc.,* 517 F.2d 826, 841 (5th Cir. 1975), *cert. denied,* 425 U.S. 944 (1976))).  "Intervention of right must be measured by a practical rather than technical yardstick." *Id.*

 ***Timeliness of Application***.— There are several factors that are relevant to the determination whether an application to intervene is timely, including:  (1) the length of time the proposed intervenor knew or should have known of its interest in the case, (2) the extent of the prejudice that existing parties may suffer by the proposed intervenor's delay in moving to intervene, (3) the extent of the prejudice that the would-be intervenor would suffer if intervention is denied, and (4) any unusual circumstances that bear upon the timeliness of the application.  *Espy,* 18 F.3d at 1205; *Trans Chem. Ltd. v. China Nat. Machinery Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003).  The EEOC's Original Complaint was filed on April 20, 2005.  Defendant answered on May 11, 2005.  No discovery or other motions have been filed to date.  There is no material delay or risk of prejudice to any of the parties from the intervention.  Thus, the request to intervene is timely.

 ***Interest of the Applicant***.— The Fifth Circuit has held that an intervenor of right must have a "direct, substantial, [and] legally protectable interest in the proceedings." *Diaz v. S. Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir.), *cert. denied*, 400 U.S. 878 (1970).  The asserted interest "must be one that the substantive law recognizes as belonging to or being owned by the applicant," *Edwards,* 78 F.3d at 1004, and "something more than an economic interest," *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir.) (en banc), *cert. denied,* 469 U.S. 1019 (1984).

Eads' interest in these proceedings is substantial and legally protectable. Although the EEOC has brought an age discrimination suit on her behalf under the ADEA, Eads pleads independent claims that the EEOC has not asserted. Eads' claims for damages for hostile work environment under the ADEA affords relief not available on the EEOC's claim, which is limited to her discrimination-based termination. Further, Eads seeks to pursue claims of unlawful discharge and hostile work environment under the TCHRA, which allows damages in excess of those available under the ADEA. Eads' interest in the current proceedings is therefore sufficient to satisfy the requirement for intervention.

*Ability to Protect Intervenor's Interests*.— Rule 24 as amended in 1966 favors intervention.[3] *Edwards,* 78 F.3d at 1004-05. Eads must show that the result of this the case could affect her ability to protect her interest. FED. R. CIV. P. 24(a)(2). Eads' personal claims arise from the identical set of facts as the EEOC's claim. As a practical matter, the disposition of this case could impair Eads' ability to protect her interest in her related and parallel claims. Thus, this element of Rule 24(a)(2) is satisfied.

*Adequate Representation*.— The Supreme Court has held that the last requirement for intervention of right under Rule 24(a)(2) "is satisfied if the applicant shows that representation of [her] interest 'may be' inadequate; and [that] the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.,* 404 U.S. 538 (1972). However, while the applicant's standard of proof is *de minimus*, it is not entirely gone. *See Edwards,* 78 F.3d at 1005. The intervention applicant must overcome two

---

[3]     The 1987 and 1991 amendments have no effect on the analysis for intervention of right.

presumptions of adequate representation. The first presumption arises when the representative is a governmental institution or officer that is required by law to represent the interests of others. *Edwards,* 78 F.3d at 1005 (citing *Cajun Elec. Power Coop. v. Gulf State Utils. Inc.,* 940 F.2d 117, 120 (5th Cir. 1991)). In cases involving issues of sovereign interest, unless the applicant can show that her interest is different from that of the governmental organization, the presumption stands and would prevent intervention. *See Hopwood v. Texas,* 21 F.3d 603, 605 (5th Cir. 1994). It is undisputed that the EEOC is a governmental entity charged with protecting individuals from discrimination by employers. However, the EEOC proceeds only on one claim available to Eads under the ADEA, and none of her potential claims under the TCHRA. Eads' interest in this litigation differs to a degree from that of the EEOC and the agency is not fully protecting her rights.

The second presumption "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. In such cases, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Edwards,* 78 F.3d at 1005 (citing *United States v. Franklin Parish Sch. Bd.,* 47 F.3d 755, 757 (5th Cir. 1995)). Again, Eads seeks to assert claims distinct from those brought by the EEOC. The EEOC therefore does not provide adequate representation for Eads in her independent discrimination claims against Defendant.

Eads thus is entitled to intervention in this case as a matter of right under Rule 24(a)(2).

## III.   PERMISSIVE INTERVENTION

Eads argues, in the alternative, that she be allowed to intervene permissively under Rule 24(b)(2).  Rule 24(b)(2) provides for permissive intervention at the discretion of the district court when intervention of right is not appropriate.  *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam).  "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Espy*, 18 F.3d at 1205.  Intervention is permissible "when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council # 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).  For the reasons set forth earlier in this Memorandum, all these criteria are met.  Eads' application is timely, the factual and many of the legal issues concerning Eads' claims are the same as the EEOC's claim, and Eads' intervention will not materially delay the proceedings or unduly prejudice adjudication of the rights of the original parties.  The Court therefore exercises its discretion to grant Eads permissive intervention in this case.

## IV.   CONCLUSION AND ORDER

Eads' Motion to Intervene satisfies the standards of Rule 24(a)(2) and 24(b)(2).  It is therefore

**ORDERED** that Eads' Motion to Intervene [Doc. # 71] is **GRANTED**.

SIGNED at Houston, Texas, this **29th** day of **June, 2005**.

Nancy F. Atlas
United States District Judge