# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1378 |
| | § | |
| TOM PEACOCK NISSAN/ | § | |
| CADILLAC, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Reconsider [Doc. # 12] filed by

Defendant Tom Peacock Nissan/Cadillac, Inc., to which intervenor Maudie Eads

("Eads") has filed a Response [Doc. # 14], and Defendant has filed a Reply [Doc.

# 17]. Defendants prays for reconsideration of this Court's Memorandum and Order

issued on June 29, 2005, which granted Eads' Motion to Intervene [Doc. # 7]. The

Court ruled that Eads' motion satisfied the standards of Rule 24(a)(2) for intervention

of right and of Rule 24(b)(2) for permissive intervention. Also pending is Defendant's

Motion to Compel Arbitration and to Stay Proceedings [Doc. # 13], to which Eads has

filed a Response [Doc. # 16], and Defendant has filed a Reply [Doc. # 19]. Having

considered the parties' submissions and the applicable legal authorities, the Court

concludes that Defendant's Motion to Reconsider should be **granted,** that Maudie

Eads' Motion to Intervene should be **denied,** that Defendant's Motion to Compel

should be **denied without prejudice** and Defendant's Motion to Stay Proceedings

should be **denied** without prejudice**.**

## I.     RECONSIDERATION OF MOTION TO INTERVENE

### A.     Standards for Reconsideration

Defendant seeks reconsideration of the Court's prior ruling, thus implicitly

invoking Rule 59(e) of the Federal Rules of Civil Procedure.  To satisfy the standard

for granting a motion for reconsideration "the moving party [must] point to controlling

decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

*Transportation, Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995).  This standard is strict and

reconsideration will not be granted unless the moving party can show clear errors of

law or unusual circumstances which would compel the Court to change its prior

position. *See Nat'l Center for Mfr'g Sciences v. Dept. of Defense*, 199 F.3d 507, 511

(D.C. Cir. 2000); *Westbrook v. Comm'r of Internal Revenue*, 68 F.3d 868, 879 (5th

Cir. 1995).   Moreover, reconsideration will not be granted "to resolve issues which

could have been raised during the prior proceedings."  *Westbrook*, 68 F.3d at 879

(quoting *CWT Farms, Inc. v. Comm'r*, 79 T.C. 1054 (1982), *aff'd*, 755 F.2d 790 (11th Cir. 1985), *cert. denied*, 477 U.S. 903 (1986)).[1]

## B.   Intervention of Right

The Court granted Eads intervention as a matter of right under Rule 24(a)(2).[2] A party is entitled to an intervention of right when "(1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *John Doe No. 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001) (citing *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001)); FED. R. CIV. P. 24(a)(2) (2000).  Each requirement must be satisfied in order for an intervention of right to be successful.  *See Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir. 1996); *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994).

In its Motion to Reconsider, Defendant argues that Eads does not have an interest in the case sufficient to create a right to intervene.  As interpreted by the Fifth

---

[1]   The Court has authority to deny reconsideration because Defendant failed to file a response to Eads' Motion to Intervene, and did not raise any of the issues it now brings to the Court's attention.  Nevertheless, the Court elects to address the substantive issues Defendant raises.

[2]   Eads did not qualify for intervention of right under Rule 24(a)(1), which applies when a statute expressly provides an unconditional right to intervene.

Circuit, Rule 24(a)(2) requires that an intervenor have a "direct, substantial, [and] legally protectable interest in the proceedings." *See Diaz v. S. Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir.), *cert. denied*, 400 U.S. 878 (1970).  Defendant argues that while Eads has an obvious financial interest in the outcome of this action, she lacks the required legally protectable interest.

Defendant points the Court to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 *et. seq.* ("ADEA"), which is patterned after similar sections of the Fair Labor Standards Act ("FLSA").  Defendant claims that the Court overlooked § 626 (c)(1) of the ADEA, which states that "the right of any person to bring [an age discrimination suit] shall terminate upon the commencement of an action by the [Equal Employment Opportunity Commission ("EEOC")] to enforce the right of such employee under this chapter."  29 U.S.C. § 626 (c)(1); *see Vines v. Univ. of La.*, 398 F.3d 700, 707 (5th Cir. 2005) (stating that an individual's right to sue under the ADEA "is cut off once the EEOC begins an action") (citing *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 495 (3rd Cir. 1990)); *E.E.O.C. v. Boeing Co.*, 109 F.R.D. 6, 9 (W.D. Wash. 1985) (holding that pilots lacked legal interest sufficient to justify intervention in lawsuit brought by EEOC on their behalf under ADEA); *E.E.O.C. v. Eastern Air Lines, Inc.*, 97 F.R.D. 646, 649 (S.D. Fla. 1983) ("Along with its statutory expression indicating age descriminatees are to be made whole, Congress declared that an

aggrieved employee's private right of action shall terminate upon the Secretary [of Labor]'s[3] suit to enforce that employee's right.").

Eads contends that her interest in these proceedings is substantial and legally protectable because she has pleaded independent claims that the EEOC has not asserted on her behalf, namely, hostile work environment under the ADEA and the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA"), and wrongful termination under the TCHRA.  Defendant argues that § 626(c)(1) does not make a distinction between claims the EEOC brings on behalf of an individual and claims that the individual would like the EEOC to assert.

The ADEA does not clearly state whether *all* private claims under the ADEA are precluded once the EEOC files suit, or whether only the *same* claims are precluded. The controlling provision of the ADEA is modeled after analogous provisions of the FLSA, which courts have held precludes an employee's intervention as a party plaintiff. *See Boeing,* 109 F.R.D. at 9 (citing H.R.REP. NO. 913, 93D CONG., 2ND SESS. (1974), *reprinted in* 1974 U.S. CODE CONG. & ADMIN.NEWS 2811, 2825).  The widespread authority supports Defendant's contention that the ADEA precludes an employee's right to intervene in an EEOC suit brought on the employee's behalf and terminates any private claims the employee may have under the ADEA.  *See, e.g., E.E.O.C. v.*

---

[3]    Enforcement authority was conveyed to the EEOC in 1978 and the controlling section of the ADEA was amended to reflect the transfer.

*Pennsylvania,* 997 F.2d 738, 745-46 (3rd Cir. 1992); *E.E.O.C. v. Pan Am. World Airways, Inc.*, 987 F.2d 1499, 1505 (9th Cir. 1990) (citing *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1038 (5th Cir. 1977)); *Boeing,* 109 F.R.D. at 9.

Congress provided for automatic termination of an employee's private rights in order to "relieve the courts and employers of the burden of litigating a multiplicity of suits based on the same violations of the act by an employer."  *See E.E.O.C. v. Pennsylvania,* 997 F.2d at 746 (quoting S.REP. NO. 145, 87TH CONG., 1ST SESS. (1961), *reprinted in* 1961 U.S. CODE CONG. & ADMIN. NEWS 1620, 1659); *Eastern Air Lines,* 97 F.R.D. at 649 (concluding that the statutory scheme of the ADEA was intended to give the EEOC preclusive power to litigate age discrimination claims, "even at the expense of a particular discriminatee's private action," and "regardless of how substantial the [employee's] interest" might be).  Moreover, "[t]he EEOC plays a dual role under the enforcement scheme of the ADEA, both protecting the public interest and vindicating specific private claims by seeking individual relief on [an employee's behalf." *Vines*, 938 F.3d at 708.  The EEOC has a "screening function to determine the scope and substance of its age discrimination suits, a function which . . . cannot be invaded by well meaning interveners." *Eastern Air Lines,* 97 F.R.D. at 650. Thus, § 626(c)(1) precludes Eads' ADEA claims and cuts off any legal interest in such

claims that would give her a right to intervene.[4]  Because the Court concludes that Eads

has no legal interest to bring her ADEA claims, it need not address the remaining

requirements for intervention of right.

**C.    Permissive Intervention**

Rule 24(b)(2) provides for permissive intervention at the discretion of the district

court when intervention of right is not appropriate.  *Bush v. Viterna*, 740 F.2d 350, 359

(5th Cir. 1984) (per curiam).  Intervention is permissible "when (1) timely application

is made by the intervenor, (2) the intervenor's claim or defense and the main action

have a question of law or fact in common, and (3) intervention will not unduly delay

or prejudice the adjudication of the rights of the original parties."  *League of United*

*Latin Am. Citizens, Council # 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

In its June 29th Memorandum and Order [Doc. # 11], this Court exercised its discretion

and granted Eads permissive intervention.

Defendant argues that permissive intervention is improper because Eads cannot

establish an independent basis for subject matter jurisdiction in this federal Court.  *See*

---

[4]        Employees are precluded from bringing any ADEA claims once EEOC files suit on their
behalf, but not necessarily precluded from asserting personal claims under other federal
statutes or state law.  The Court does not decide this issue.

        In any event, after a closer examination of the original complaint filed by the EEOC [Doc.
# 1], the Court concludes that the EEOC's broad factual allegations encompass the same type
of "make-whole" relief that Eads is asserting under the ADEA.  It is therefore unclear at this
stage whether the EEOC will attempt to pursue a hostile environment claim on Eads' behalf.

*Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985).  Eads is relying on her hostile work environment claim under the ADEA, which the EEOC has not expressly asserted, as an independent basis for jurisdiction.  Eads points to her hostile environment federal claim as the basis for her TCHRA claims under this Court's supplemental jurisdiction.  However, given that Eads is precluded from bringing any personal ADEA claims once the EEOC has initiated action on her behalf, this Court lacks any basis for federal or supplemental subject matter jurisdiction over Eads' state law claims.  Permissive intervention is therefore denied as well.

## II.  MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Because Eads has no right to intervene, this Court does not permit her joinder as a party in this suit.  The Court cannot compel a non-party to arbitrate claims.  The Court therefore denies without prejudice Defendant's Motion to Compel Arbitration.

This Court also declines to stay this case pending arbitration.  No arbitration proceeding has been initiated.  Therefore, Defendant's Motion to Stay Proceedings is denied without prejudice.

## III.  CONCLUSION AND ORDER

The Court concludes Defendant's Motion for Reconsideration has merit. Maudie Eads cannot intervene in this lawsuit.  The Court vacates its ruling of June 29, 2005 permitting Eads' intervention.  Eads is no longer a party in this case.  As Eads

was not ever properly a party to this case, the Court cannot compel her to arbitrate her claims.  This Court will not stay these proceedings pending potential arbitration that has not yet been initiated.  It is therefore

ORDERED that Defendant's Motion for Reconsideration is **GRANTED.**  It is further

ORDERED that this Court's Memorandum and Order dated June 29, 2005 is **VACATED**.  It is further

ORDERED that Maudie Eads' Motion to Intervene is **DENIED.**  It is further

ORDERED that Defendant's Motion to Compel Arbitration is **DENIED without prejudice**.  It is further

ORDERED that Defendant's Motion to Stay Proceedings is **DENIED without prejudice**.

SIGNED at Houston, Texas this **8th** day of **July, 2005**.

Nancy F. Atlas
United States District Judge